IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MAURICE SISCO,

        Petitioner,           No. 2:12-cv-2352 KJN P

   vs.

UNKNOWN,

        Respondent.        ORDER TO SHOW CAUSE

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
2  providing the highest state court with a full and fair opportunity to consider all claims before
3  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
4  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).
5         After reviewing the petition for habeas corpus, the court finds that petitioner has
6  failed to exhaust state court remedies.[2]  The claims have not been presented to the California
7  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to
8  petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]
9         Good cause appearing, IT IS HEREBY ORDERED that:
10         1. Petitioner is granted leave to proceed in forma pauperis;
11         2. The Clerk of the Court is directed to serve a copy of this order together with a
12  copy of the petition filed in the instant case on the Attorney General of the State of California;
13  and
14         3. Within thirty days from the date of this order, petitioner shall show cause why
15  his application for a writ of habeas corpus should not be dismissed for failure to exhaust state
16  remedies.

17  DATED:  January 16, 2013

                                           _____
18                                         KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE
19

20  sisc2352.103

---

[2] Petitioner states he is "in the process of doing so now."  (Dkt. No. 1 at 3.)

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).